There's Mr. Foreman. Good morning, Your Honor. Good morning. And we have Mr. Kim. Good morning, Your Honor. I'm having a problem with my video, so I'm appearing only on audio. Very well, thank you. Okay, so I believe Mr. Foreman, you represent the petitioner, so  this writ asks that the court issue the writ of mandamus in order that the district court withdraw its order. Sorry, I'm running another court session. Just wanted to make sure that that was working. Just make certain... I think we see Mr. Lim now. You're looking fine, Mr. Lim. Thank you. That this court issue an order directing the district court to withdraw its order on the motion to dismiss and the transaction to... Counsel? Yes, sir. Counsel, this is a writ of mandamus you're seeking, right? So you have to show that we should accept the writ of mandamus, right? And as I recall, you don't actually try to show that the Bowman factors that you meet the Bowman factors, right? I didn't see that anywhere in any of your briefings. We don't need to, Your Honor. Under the county of Orange v. United States District Court, that's a... So, counsel, let me... I know what you're about to say. You're about to say that we've cited three cases that say that whether you've been denied a jury trial, you don't have to meet the Bowman factors, right? But before you... Can I ask you just... If I disagree with you that you fall into what we might call the county of Orange, Tushner, Mondor jury trial exception to sort of having to make... What do we do with this case then? Because if I think you have to meet the Bowman factors, you didn't argue that you... You didn't try to make any showing at all. So how can we even grant your writ if you didn't even try to show that you meet the Bowman factors? Well, because this case is an exception to Bowman, Your Honor. It says right in the county of Orange, which was a rate of mandate... Let me make it real clear, counsel. Let me make it real clear. What are my questions right now? My question is, if it isn't an exception to Bowman, I'm not saying... Actually, you can see this exception, but if it's not an exception to Bowman, what do I do with this case? Well, if it's a... We meet the first three Bowman factors, Your Honor. It's not in your briefing. You don't say that in your briefing at all. Well, when the court granted the writ, I was trying to figure out now what the issue would be, and if it's the Bowman factors... We haven't granted the writ, counsel, right? We haven't granted it. I mean, that's what we're deciding now, is whether to grant or deny the writ. I understood, Your Honor, but the way I've read the county of Orange, that this case falls within that exception, which was a writ case on the special place that... Let's get to that then, because I mean, you understand my problem. I'm about to tell you why I'm struggling that you can't convince me of Bowman or county of Orange, and I have a real problem of what to do with this case because you haven't really tried to argue that we should grant the writ and really kind of get to the substance even of this case, but all these cases you cite have to do with the denial of a jury trial, right? But it's not clear to me that the district court here denied you when in transferring the case, denied you a jury trial. I think it's very possible that the New York court... I mean, it's probably an uphill because you have to convince the New York court that California law applies, but you could, in theory, convince the New York court once it's transferred to apply California law and you'd get a jury trial. So I don't know that the issue has been decided yet whether or not you get a jury trial. Well, Your Honor, the New York law does enforce pre-litigation jury trial waivers. The New York law does, but couldn't this be done in New York but applying California law? Is that possible? It's possible that we would get California law both on the substance and as to the trial, but it seems to me that when the court is sitting in diversity that we have the absolute right to have the case tried in... Counsel, that's a pretty strong concession, I think, because if you could get New York law as to whether there could be a trial, if that's a possibility, then it hasn't actually been decided yet, and if it hasn't been decided yet, then your reliance on these cases that mean that you don't have to show the Bauman showing isn't actually, I don't think, doesn't work, and then you didn't try to show the Bauman showing, so I've got a problem. Well, Your Honor, there's another case at Ringkong, which we argue, which does go through the New York law and then concludes under the Erie doctrine that you don't get New York law, it is going to be California law, and the case should stay here, so I'm not conceding that the transfer order to New York was correct. I think the case should have stayed here in California, and California law in this district should have... Counsel, let me ask you this. Is the County of Orange case limited to situations where the governing law is, in quotes, more protective than federal law? Yes, and that's the California policy. The California policy on jury trials is more protective of the litigants than federal law is. That's correct. And on what do you rely for that? The California Constitution says it's an inviolate right, and it's a fundamental right. I understand that, but I'm asking why is that governing law, in this case, you've got a contract that says the agreements are governed by New York law. Correct. You're saying that California law should govern, notwithstanding that, but what I'm saying is that the exception to the Bauman factors, which my colleagues talked about, only implies where the governing law is more protective than federal law. Is the governing law here New York law, and if not, why not? Because under as a matter of public policy. I'm not understanding how you're going to get California law to apply. Are you talking about on the jury trial waiver, or are you talking about the substance of the case if it was to proceed in the trial in California? I'm sorry, I'm confused. Are you going to have it proceed in California? Let me ask that first. Given what Judge Smith was asking about, given the existence of the agreement of the party. Because it was properly filed in this district, your honor, and then under the analysis of County of Orange and then Arincon, the court sitting in diversity can disregard the choice of law and apply California law because the California law is a stronger public policy than that of New York. Could the New York court do that? If this gets transferred, could the New York district court still apply California law? Could you make this argument, and if it works, could you make this argument and have it accepted? No, the New York court is going to enforce New York law, which doesn't afford the same protections on public policy, say for usury, the finance code of California, and some of the other issues that we raised in the complaint. Those are not recognized in New York. I'm sorry, your honor, I'm struggling with my answer. If it was transferred to New York under the contractual provision, why couldn't you still you want, because you were entitled to that, that the, somehow that the California law should apply because otherwise you're going to lose your jury trial right. Seems like a pretty similar argument to what you're making here. Well, if New York doesn't afford the litigants the same protection that the California law affords because the policy is not as strong, and then the New York court would adopt the New York law. I guess maybe they'll help to try to disaggregate choice of law versus choice of venue, and I can't tell, and it's not your problem, but I think what we're asking is all we have here is the decision of choice of venue that you're writting to us, right, and but choice of venue isn't clear to me that that necessarily decides what the choice of law is. I think Judge Shorter was getting at what I was also getting at, which is if it ends up to the New York court and have the New York court say, you know, although your contract says it will be New York law for the same reasons that you're arguing to us and that you argued to the district court, it really should be the substantive law, the choice of law should be California. That knocks out the not having, since it'd be California, you'll now have a jury trial, and so why couldn't you do that? Because in my view, your honor, that would be contrary to the policy of California is stronger than that in New York, and there should be no risk that the litigants would be litigating the case under California law, because that provision in the contract would be just disregarded based upon... But that could certainly be protected. Oh, go ahead, Judge Smith. I can say, let me ask this then, and I'm not sure I agree with you, but take your position. How do we assess the fact that AMZ has offered to not enforce the jury trial waiver after transfer? How do we deal with that? Doesn't that undercut your argument altogether? Initially, that wouldn't be the reaction, your honor, but a couple of things. First of all, it wasn't raised in the district court, so that argument's waived, but assuming that we have to address that, first of all, it defeats the integrity of the contract, because any waiver would be pre-litigation. What's the status of the parties? The lawsuit gets filed, now one of the parties wants to unilaterally modify the terms of the contract. Well, you seem to be trying to do that yourself, so you're saying both parties are trying to modify the contract, but you still need to answer my question. I am, I am. If they say, say they put it in writing and they say, we agree to waive this and you can present this to the court in New York, doesn't that completely undercut your argument about the need for a writ here? Well, your honor, they've not offered, first of all, they didn't offer it at the time, but they did not offer to... They're offering it now. I understand there's two parts of it, though. Is the court asking me whether they're offering to waive New York law and have California law apply? No, they're saying they're waiving the jury trial waiver. Basically, the thing you claim to be worried about. They're saying, we're going to take that off the table. Right. What's wrong with that? Then they should be waiving the choice of New York law because New York law... California laws are... The usury law and the finance code is a stronger public policy than... Well, but see that... No, wait a minute. You're jumping subjects here. One minute you're talking about juries and public policy. The usury law is an entirely different deal. This contract was made under New York law. New York usury laws apply. There's no basis whatsoever, is there, to try to New York usury law, is there? I thought that was what Justice Van Dyke was asking me. If the case is going to be transferred to New York, couldn't California law apply? I was trying to address that because you're asking me, Justice Smith, if the AMZ says we'll waive the jury... Let me just clarify. My understanding is that what you are asking us to do is to issue a writ to stop this from going to New York for the express purpose of preserving the jury trial. Isn't that right? That was the issue that was raised in the district court, Your Honor. Okay, and that's what you're on appeal for. So what they've now said is, we're going to take that off the table for you. We're going to agree that we're not going to invoke the jury trial waiver. Doesn't that solve your problem? In part, Your Honor, but we still have that second part of it, which is then going to be the choice of law as to which law is going to apply. But you didn't raise that, did you? Well, because they didn't raise this jury trial waiver. That doesn't help you in this case. Let me just get this question in. You filed this case in federal court in California, right? Yes, Your Honor. It would seem to me that the applicable law would either be New York law, which is the law that the contract says, and that would make the waiver valid. Or it would be federal law, which also makes the waiver valid. And I'm not sure how, since the case was federal court, you get to California law. If it had been filed in state court, then there would be the choice of state law. But in federal court, isn't the choice between New York law per the contract or the forum law, which is federal law, since we're talking about a procedural waiver? You want us to answer that question? Did anyone ask you want to save any of your time? I do want to save my time. I'm sorry, Your Honor. I need you to re-ask that question because I got lost in it. I really apologize to the court. Well, why isn't the applicable law, if it's not New York law, why isn't it federal law? Because you're in federal court. Because here, the district court could reject the New York choice of law provision as part of the Erie Doctrine, and as a result of that, apply California law and disregard that choice of law Yes, Your Honor, I did. Thank you. Very well. Mr. Lim, please proceed. Thank you, Your Honor. Going back to what Judge Schrader pointed out, even in the case of Orange, they specifically stated that the law governing jury waiver in federal court is a federal procedural law. And therefore, you are looking at federal law in regards to what the procedure should be. Therefore, the only reason in the Orange case, they allowed to use California law was because there was a choice of law provision, and this was a specific only a motion to strike the motion to dismiss the request for a jury. That was a very narrow issue. And because there was a void in that the California law is more expensive than the federal law, under the choice of law provision, they stated that we will use California law. Because the choice of law provision was California, in Ray Orange, use that provision. In this case, as Judge Schrader pointed out, it's very clear that we only have two laws to look at in regards to the pre-trial matters. Obviously, there's two issues. There's procedural issues, and there's substantive law issues. When it deals with procedural issues, it is clear, and in Ray Orange made it clear that you still apply federal law. In this case, the federal law allows and does dictate that the waiver of a jury is a knowing and voluntary issue to be waived, and not that of the California, which is broader. In addition, so the next analysis that needs to be done is... Counselor, can I ask you, so I think your upshot of all this is, is that they're not going to get a jury trial either way. If it was not transferred, they would not get a jury trial here, because that would be governed by federal law. And if it gets transferred, they're not going to get a jury trial there. Is that your point? No, your honor. I agree with you in that once the case gets transferred to the federal court in New York, they can make the argument of whether this was a knowing and voluntary waiver, and go through that analysis. If they do all that, there's a possibility, or I assume you're not going to acknowledge this is the right, but there's a possibility that the New York court could conclude, okay, so this should be governed by California law, because there was not a knowing and voluntary waiver and whatever else. Absolutely. And the point that I want to make is, yes, the New York law could do that. Very similar to an attorney's fees provision, where attorney's fees provision in California is if one party's entitled to attorney's fees, then the other party's entitled to attorney's fees. However, in Georgia, and only if the contract states that only the lender is entitled to attorney's fees and not the borrower, if the case gets tried in federal court and the borrower wins, the ninth circuit has held that they will follow the attorney's fees provision in California, because that is interest of California citizens that's looked at. So the New York court could do the exact same thing. I agree with you. I think this is the point. The next question is, so is this exception, the county of Warren's exception, does that to the typical balance standard that we use for risk, does that even apply in this case, or does it not apply? And I did not raise the balance standard issues in my opposition, because I, in my feeling, I do believe in rate orange should be narrowly applied because that is going to be an issue and it's going to be used in a lot of these cases. And I do think that this court has an opportunity to limit in rate orange and follow the decision made in Magliore versus dental fix RX, which is very similar to this case here, where they went through the same analysis, but in that case, the choice of law was Florida and going through that. Counselor, I'm just trying to, it's interesting. So you didn't want to say this case wasn't governed by Balvin because you want us to limit in rate orange, but if we fall into the category to where in rate orange is exception to the Balvin factors, it's hard for me to see how that applies. So then we're back to where we should have, this case should be evaluated on the Balvin factors, I think. So how do we get to what you want us to do without falling into the Balvin factors? And if we do that, nobody's, neither you nor your colleague have tried to make any arguments on Balvin. It's kind of frustrating to me sitting here on this event. I apologize for that. We did not raise those arguments. Actually, a little more frustrating now that I think that you didn't just pass on the Balvin factors, because I thought that the fact that the court took this matter, took this matter up, I thought that the procedural issue was already resolved. And that's why we did not make those arguments because the mere fact that the the your honors did take this matter up. I thought the preliminary issue was done. And I apologize that that was my mistake. And we should have through the Balvin factors. You know, we have no choice about taking up these cases. We don't have risks of tertiary. We just get them. And nobody asked me. That was a mistake that I made on my part, your honor. And since I didn't raise that in my paperwork, but I do agree with the Balvin factors, exactly what you stated is that they do not meet the test of what if this case goes to New York, that there is no analysis, no argument made at all, that the New York would not, you know, take this case based upon the voluntary and knowing standard, which is set up under the Federal Rules of Civil Procedure. Since that has not been done, I do believe that we don't even get to the substantive of the case since the factors for a ripping grant has not been met. And in regards to your honor Smith's comment, yes, even to this point, even if the court rules that the that this appeal will be denied because of the Balvin factors were not met. Um, and therefore, the suicide is going to be denied. The am still willing to waive the jury and and and proceed in a bench trial in federal court. So that is, you know, that is definitely there. And as the court is fully aware, each party has a right to strike a certain provision of the contract. If both parties agree, if Mr. Foreman saying now I want to enforce the the waiver of the jury, then that's fine. But if both parties agree to strike one provision, that does not in itself means that it strikes a totally different provision, which is a choice of law provision. The way waiver of a jury is one provision choice of law is another provision. Let me ask you that just so that is clear on the record here. Are you affirming on behalf of your client that AMC is offering not to enforce a jury trial waiver after transfer, and your opponent can rely upon that assurance that you're giving to the court today? Is that correct? Yes. Okay. But we are not to be clear, though, we are not waiving the choice of law provision. No, I said you just have to do with the waiver of the jury trial. And unless the your honors have any further questions, I'll submit. Any other questions by my colleagues? All right, Mr. Foreman, you don't have a lot of time, but you have a little time. Go ahead and respond. The first thing in order to meet the questions of Judge Justice Van Dyke, we would file a 28 J letter in order to address the bomb and factors because we believe when we meet or see the first three factors about that, that's the first thing. Secondly, because the case is filed in diversity, that our view is that under the restatement, the court would go through the choice of choice of law analysis. And that as a result of that diversity, it because the strong public policy, the California law would apply and New York law would not apply. That's the issue, Your Honor, that you were talking about. If you were in New York, New York should apply New York law is not going to apply California law. And that whole analysis under the restatement as to what the does that does your argument apply for the entire contract? Or are you just arguing with respect to the waiver of the jury? Right? Not the jury, the choice of lawyer. And you've made the argument in your papers that basically the whole contract is going to be construed under California law, even though that's not what you argued before. You know, that's not what we argued. That's not what we argued before, but the court was asking this question, it would dealt with the jury trial waiver. And then the court said, well, it doesn't that satisfies. And that's why this court obviously has asked those questions. But I'm saying, with respect to that, there's another issue, because Justice Van Dyke was saying, hey, doesn't know, are you deprived of that right to make that argument in New York. And I'm trying to address that argument by saying, because the diversity, it goes through the restatement 187 analysis. And under that analysis, the court in California can reject New York law and apply California law. And that won't happen if the case gets transferred to New York. So on that basis, that's the reason I'm trying to address that issue. Okay, that's a Smith that you're saying we're not in the red paper. Very well. Other questions by my colleagues. Thank you, Mr. Foreman. Thank you, Mr. Lim, for your arguments in this case, the case of your honor, does that mean I can file the 28 day to address the 28 day letter? Of course. Thank you, your honor. The case of spread your wings LLC versus US District Court, Northern District of California is hereby submitted. And the court stands in recess until 9am tomorrow. Thank you, Your Honor. Thank you, counsel. The court for this session stands adjourned.
judges: Schroeder, M. Smith, Vandyke